## SARAH A. HOIT

### *v.*

### NATHAN HOIT.

The testator said, in his will, that if any of his children filed a *caveat* against the probate of his will, he should pay all the costs. In case a *caveat* is filed, the statute authorizes the orphans court to order the costs, expenses and counsel fees to be paid out of the estate. The orphans court ordered all costs and expenses paid out of the estate.—*Held*, that the provisions of the will must give way to the statute.—*Held*, also, that the doctrine of election cannot be applied in such case.

On demurrer to bill.

*Mr. J. G. Shipman,* for the demurrer.

*Mr. Oscar Jeffery, contra.*

BIRD, V. C.

It is said there is no equity in this bill. It is also said that the question involved has been adjudicated in a suit between the same parties before a competent tribunal.

The complainant is the widow of John G. Hoit, who made his will and made his wife executrix, and also a legatee. The defendant is the son of John G., and also a devisee under the will. One of the clauses of the will was in these words:

"If any or either of my children shall enter a *caveat* against this my last will, he or they shall pay all the expenses on both sides."

NOTE.—A condition annexed to a legacy or devise that it shall be void by the beneficiary's contesting the will, has been held valid in some cases. *2 Jarm. on Wills (R. & T. ed.) *59, (582)*; Also, *Jackson* v. *Westerfield, 61 How. Pr. 399; Donegan* v. *Wade, 70 Ala. 501; Stevenson* v. *Abington, 11 W. R. 935; Phillips* v. *Phillips, 12 W. N. 260;* see *Hope* v. *International Financial Soc., L. R. (4 Ch. Div.) 327; Massey* v. *Rogers, L. R. (11 Irish Ch) 409; Creveling* v. *Fritts, 7 Stew. Eq. 134, 142.*—REP.

Nathan, the defendant, filed a *caveat*, and the questions raised thereupon were finally disposed of, and the orphans court directed the costs to be paid out of the personal estate, which, to the whole extent thereof, affected the legacy given to the widow. The bill is framed upon the theory that the clause imposing the condition upon the children is legitimate, and that whatever might have been right and proper for the orphans court to do, under the statute in this state, this court has the right to enforce such provision of the will and thereby effectually to annul the judgment of the orphans court. Authority is relied upon for this position. I am referred to *2 Redfield on Wills ch. 2 § 18 pl. 34.* The language is, "In this country any such condition which is reasonable, as one against disputing one's will surely is, as nothing can be more in conformity to good policy than to prevent litigation, will be held valid and binding." In *Cooke* v. *Turner, 14 Sim. 493,* it is said "there is no more reason why a person may not be restrained by a condition from disputing sanity than from disputing any other doubtful question, whether of law or fact, on which a title to a devise or grant may depend." The insistment in the case just cited was that the condition was contrary to the policy of the law; that view was not entertained favorably by the court. And I think the question before me must be disposed of by determining whether or not the condition named was void because contrary to the policy of *our* law. The twentieth section of the orphans court act provides that the orphans court shall make a decree touching the probate of wills in accordance with the finding of issues certified from the circuit court, and may make such order concerning the costs and expenses and allowance of counsel fees as may be made in cases where the hearing upon a *caveat* against proving a will is had before the orphans court. The one hundred and sixty-ninth section provides that, if probate be refused, the court may order the costs and expenses to be paid by the person propounding the will, or to be paid out of the estate of the deceased, but if granted, the court shall order the parties contesting such will to pay the costs and expenses of the litigation, unless it shall appear to the court that the person contesting such will had reasonable cause for con-

testing the validity of the same. A supplement provides that if there be reasonable cause the court may order the costs and expenses of both sides paid out of the estate of the decedent. Can the power thus conferred upon the orphans court be overcome by the will of a testator ? Is it the policy of our law to preserve to legatees and devisees and all others interested the right to file *caveats* and to contest the validity of wills without any condition or qualification except those imposed by the statutes above quoted, or is it the policy of the law to allow testators to impose any conditions respecting costs, expenses and counsel fees, which they may desire, and thereby annul the provisions of the statute, or render the decree of the orphans court, pronounced by virtue of the statute, nugatory. I do not feel at liberty to disregard the ample provisions of the statute. It is a manifest declaration of the public policy of this state upon the subject. It seems to me it would be just as unwise to permit testators to impose conditions in violation of such public policy as to allow conditions in contracts, of any character, which are in violation of public policy, to prevail. This view is in harmony with the principles established in *Cooke* v. *Turner, supra.*

But it is claimed that the application of the doctrine of election will, in equity, impose the burden of this litigation upon the defendant. It is said, since he chose to accept the devise, he must pay the costs of the litigation. Supposing the devise of the farm to the son to have been upon the express condition that if he filed a *caveat* he should pay all the expenses on both sides, this view could not prevail, because the condition, being adjudged of no effect because contrary to public policy, can have no force in the direction claimed, and the will must stand as though the condition had not been inserted therein. I cannot but conclude that when a condition contrary to law or to public policy is imposed upon a devisee or donee, the devise or gift may be sustained though the condition fail.

I think the demurrer should be sustained, with costs.